# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT WILSON**
        Plaintiff,

        vs.                                                 Case No. 10-C-0641

**STEVE PANDE, LSP MOTOR SPORTS, INC.,**
**and ABC INSURANCE COMPANY**
        Defendants.

## DECISION AND ORDER

Plaintiff Robert Wilson brings this action under the Magnuson-Moss Warranty Act against Steve Pande, LSP Motorsports, Inc. and a fictitiously named insurance company, alleging breaches of express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose in connection with the sale of a 2001 Ford Mustang. He also alleges a state-law intentional misrepresentation claim. Defendants move to dismiss the action for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient service of process, and failure to state a claim upon which relief may be granted. I limit my discussion to defendants' motion to dismiss for lack of subject matter jurisdiction because it is dispositive.

Plaintiff initiated this action by filing a complaint in federal court, and as the party seeking to invoke federal jurisdiction he bears the burden of showing that such jurisdiction exists. Muscarello v. Ogle County Bd. of Comm'rs, 610 F.3d 416, 425 (7th Cir. 2010). In his complaint, plaintiff alleged that I may exercise federal-question jurisdiction pursuant to 28 U.S.C. § 1331 because his claims arise under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. However, as defendants point out in their motion to dismiss, the

Magnuson-Moss Warranty Act contains its own jurisdictional provisions. One such provision is that a federal district court may not exercise subject matter jurisdiction "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). Thus, to satisfy his burden to show that federal jurisdiction exists, plaintiff must show that the amount in controversy is not less than $50,000, exclusive of interest and costs. See, e.g., Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 521 (7th Cir. 2003) ("Under 15 U.S.C. § 2310(d)(1)(B), federal question jurisdiction exists over a Magnuson-Moss claim where the amount in controversy is at least $50,000.").

Plaintiff's complaint does not include any facts showing that the amount in controversy is at least $50,000. Moreover, defendants in their motion to dismiss point out that plaintiff has not alleged facts showing that the amount-in-controversy requirement is met and that, to defendant's knowledge, the amount in controversy is no more than $7,000. In his brief in opposition to the motion, plaintiff does not attempt to show that the amount in controversy is at least $50,000 or dispute defendants' assertion that the amount in controversy is only $7,000. Instead, plaintiff argues that because the general federal-question jurisdiction does not have an amount-in-controversy requirement, there is no amount-in-controversy requirement in the present case. However, as explained, the specific jurisdictional requirements of the Magnuson-Moss Warranty Act require that at least $50,000 be in controversy, and thus plaintiff's contention that he need not satisfy any amount-in-controversy requirement is frivolous. Accordingly, plaintiff has not satisfied his burden to show that federal jurisdiction exists, and for that reason this action must be dismissed for lack of subject matter jurisdiciton.

For the reasons stated, **IT IS ORDERED** that defendants' motion to dismiss for lack of subject-matter jurisdiction is **GRANTED**.  The Clerk of Court shall enter final judgment dismissing this action without prejudice.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2011.

/s_____
LYNN ADELMAN
District Judge